UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:09-CR-84 |
| v. ) | JUDGE JORDAN |
| ) | |
| JOSEPH A. LEES ) | |

## ORDER OF FORFEITURE

On October 14, 2009, a Superseding Indictment was filed in the above-referenced case charging the defendant, Joseph A. Lees, and others, with, among other things, knowingly intentionally, and without authority, combining, conspiring, confederating, and agreeing with others to conduct and to attempt to conduct financial transactions affecting interstate commerce and foreign commerce involving the proceeds of a specified unlawful activity, that is, the distribution and possession with the intent to distribute a quantity of pills containing a detectable amount of oxycodone and a quantity of marijuana, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(i) (Count Three).

In the Forfeiture Allegations pursuant to Count Three of the Superseding Indictment in the above-styled case, the United States sought forfeiture, pursuant to Title 18, United States Code, Section 982, of a money judgment in the amount of $161,720.00 in U.S. currency, which represented the money laundered as proceeds obtained from the sale of the oxycodone and marijuana during the course of the conspiracy, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(A)(i).

On April 22, 2010, a Plea Agreement was filed in the above-referenced case in which the defendant, Joseph A. Lees, agreed to plead guilty to Count Three of the Superseding Indictment, among other things, and agreed to forfeit his interest in $161,720.00 in U.S. currency deposited into Bank of America during the course of the conspiracy, which represents money laundered as proceeds obtained from the sale of the oxycodone and marijuana, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(A)(i).

On May 11, 2010, the defendant, Joseph A. Lees, pled guilty to violations of Title 18, United States Code, Sections 1956(h) and (a)(1)(A)(i), among other things. The defendant agreed that a sum of $161,720.00 U.S. currency was laundered as proceeds obtained from the sale of the oxycodone and marijuana during the conspiracy, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(A)(i).

On May 11, 2010, the Court accepted the guilty plea of the defendant, Joseph A. Lees, and by virtue of the guilty plea and conviction, the Court has determined that the United States is entitled to a personal money judgment in the amount of $161,720.00 U.S. currency, pursuant to Title 18, United States Code, Section 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Because no ancillary proceeding is required, it is appropriate to enter a final order of forfeiture at this time.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. That based upon the plea of guilty by the defendant, Joseph A. Lees, to violations of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h), the United States is entitled to a personal money judgment in the amount of $161,720.00 U.S. currency, pursuant to Title 18, United States Code, Section 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

2. That the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $161,720.00 U.S. currency, to satisfy the money judgment in whole or in part; and that pursuant to Rule 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE

Submitted by:

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY


By:  s/Caryn L. Hebets
     CARYN L. HEBETS
     Assistant United States Attorney

3